281 F.Supp.2d 399 (2003)
SONY ELECTRONICS, INC., et al.
v.
SOUNDVIEW TECHNOLOGIES, INC.
No. 3:00CV754 (JBA).
United States District Court, D. Connecticut.
August 28, 2003.
Jacqueline D. Bucar, S. Peter Sachner, Timothy P. Jensen, Tyler, Cooper & Alcorn, New Haven, CT, Richard L. DeLucia, Richard S. Gresalfi, Elizabeth A. Gardner, Thomas R. Makin, Kenyon & Kenyon, New York, NY, Gary M. Hoffman, Kenneth W. Brothers, Jorge Kotelanski, Dickstein, Shapiro, Morin & Oshinsky, Washington, DC, Richard M. Steuer, Mayer Brown Rowe & Maw LLP, New York, NY, Jaime A. Siegel, Park Ridge, NJ, Stephen P. Sachner, Sachner & O'Connor, Middlebury, CT, for plaintiffs.
Amy S. Owen, Miles & Stockbridge, McLean, VA, Garrard Russ Beeney, Jeffrey Scott, Sullivan & Cromwell, John M. DiMatteo, Michael Stacchini, Neal Feivelson, Patterson, Belknap, Webb & Tyler, New York, NY, James Sicilian, Eric L. Sussman, *400 Day, Berry & Howard, Hartford, CT, for consolidated plaintiffs.
Joseph L. Clasen, Robinson & Cole, Stamford, CT, John J. Bogdanski, David S. Monastersky, Howd & Ludorf, Amy S. Owen, Miles & Stockbridge, McLean, VA, Raymond P. Niro, Paul C. Gibbons, John C. Janka, Robert P. Greenspoon, Niro, Scavone, Haller & Niro, Eugene M. Cummings, David M. Mundt, Cook, Alex, McFarron, Manzo, Chicago, IL, John-Henry McKim Steele, Middlefield, CT, Kenneth A. Votre, Hurwitz, Cooper, Silverman & Votre, New Haven, CT, for defendant.
Richard M. Steuer, Mayer Brown Rowe & Maw LLP, New York, NY, Michael S. Culver, Oliff & Berridge, Alexandria, VA, John E. Coffey, Reed, Smith, Hazel & Thomas, Falls Church, VA, for consolidated defendants.
Jacqueline D. Bucar, S. Peter Sachner, Timothy P. Jensen, Tyler, Cooper & Alcorn, New Haven, CT, Richard L. DeLucia, Richard S. Gresalfi, Elizabeth A. Gardner, Thomas R. Makin, Kenyon & Kenyon, New York, NY, Gary M. Hoffman, Kenneth W. Brothers, Jorge Kotelanski, Dickstein, Shapiro, Morin & Oshinsky, Washington, DC, Richard M. Steuer, Mayer Brown Rowe & Maw LLP, New York, NY, Jaime A. Siegel, Park Ridge, NJ, Stephen P. Sachner, Sachner & O'Connor, Middlebury, CT, Joseph L. Clasen, Robinson & Cole, Stamford, CT, John J. Bogdanski, David S. Monastersky, Howd & Ludorf, Amy S. Owen, Miles & Stockbridge, McLean, VA, Raymond P. Niro, Paul C. Gibbons, John C. Janka, Robert P. Greenspoon, Niro, Scavone, Haller & Niro, Eugene M. Cummings, David M. Mundt, Cook, Alex, McFarron, Manzo, Chicago, IL, John-Henry McKim Steele, Middlefield, CT, Kenneth A. Votre, Hurwitz, Cooper, Silverman & Votre, New Haven, CT, for counter-defendant.
William M. Bloss, Alinor Clemans Sterling, Jacobs, Grudberg, Belt & Dow, P.C., New Haven, CT, U.S. Mickey Gill, Nixon & Vanderhye, Arlington, VA, Richard M. Steuer, Mayer Brown Rowe & Maw LLP, New York, NY, Michael S. Culver, Oliff & Berridge, Alexandria, VA, Jacqueline D. Bucar, S. Peter Sachner, Timothy P. Jensen, Tyler, Cooper & Alcorn, New Haven, CT, Richard L. DeLucia, Richard S. Gresalfi, Elizabeth A. Gardner, Thomas R. Makin, Kenyon & Kenyon, New York, NY, Gary M. Hoffman, Kenneth W. Brothers, Jorge Kotelanski, Dickstein, Shapiro, Morin & Oshinsky, Washington, DC, Richard M. Steuer, Mayer Brown Rowe & Maw LLP, New York, NY, Jaime A. Siegel, Park Ridge, NJ, Stephen P. Sachner, Sachner & O'Connor, Middlebury, CT, for counter-claimants.

Ruling on Motion for Summary Judgment [Doc. # 442]
ARTERTON, District Judge.
The Court granted summary judgment of non-infringement in favor of Sony and other television manufacturers ("the Non-Soundview Parties"), concluding that there was no genuine issue of material fact for trial and the Non-Soundview Parties were entitled to judgment as a matter of law on their assertion that the parental control feature of the televisions they manufacture does not infringe Soundview's patent on a similar parental control feature. See Sony Elecs., Inc. v. Soundview Techs., Inc., 225 F.Supp.2d 164 (D.Conn.2002). Specifically, the Court determined that the separate rating signal lines for each possible program content rating required by Soundview's patent were not present in any of the accused televisions, which used processors with either 8- or 16-bit internal data buses and had no set of lines or conductors in which each line corresponded to one rating. Id. at 176-177. The Non-Soundview Parties have now moved for summary judgment on Soundview's antitrust *401 and unfair trade practices counterclaims, asserting that these claims fail as a matter of law in light of the summary judgment of non-infringement. For the reasons set out below, the Court agrees.

I. Background
Soundview's antitrust counterclaims assert that the Non-Soundview Parties (pejoratively termed "the R4.3 cartel" by Soundview) engaged in a conspiracy to fix licensing fees for Soundview's patent and to refuse to deal with Soundview altogether. See Sony Elecs., Inc. v. Soundview Techs., Inc., 157 F.Supp.2d 180, 181-183 (D.Conn.2001). The Court denied the Non-Soundview Parties' motion to dismiss, concluding that "the counterclaims adequately allege the requisite elements of an antitrust violation, including antitrust injury, and that the conduct alleged in those counterclaims is not protected by the First Amendment." Id. at 190. Soundview's opposition to the instant motion for summary judgment relies heavily on this conclusion and asserts that nothing has transpired that would change the antitrust analysis or adversely affect the validity of its counterclaims:
Just one thing has changed in the sixteen months since [the ruling denying the motion to dismiss]: one (and only one) of the forty-three patents against whom the R4.3 cartel's conspiracy was directed was found not to be infringed and that ruling is limited to televisions manufactured by Sharp, Toshiba and Mitsubishi. * * * [T]he remaining forty-two patents ... still threaten the R4.3 cartel. That cartel remains just as active now as it was sixteen months ago, even though this Court's July 16, 2001 decision drove its activities underground.
Mem. Opp'n [Doc. # 444] at 2-3.
The important change omitted by Soundview, however, is the procedural posture of this motion: Soundview cannot rest on the allegations in its pleadings in the face of a properly-supported motion for summary judgment. See generally Fed. R.Civ.P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). As the movants have pointed to Soundview's absence of evidence that "any television sold in the United States contains V-chip functionality having separate rating signal lines as required by the '584 patent," Mem. Supp. [Doc. # 443] at 2 n. 3, and Soundview has failed to come forward with evidence showing that a jury could find in its favor on that point, it is established for summary judgment purposes that no television manufacturer in the United States (including the Non-Soundview Parties) manufactures a product which would require licensing of Soundview's patent. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party"); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.") (citation and internal quotation omitted). This conclusion is, of course, predicated on the Court's earlier claim construction.
In summary, at the summary judgment stage, Soundview can only prevail if it is correct in its legal theory that a patent holder is entitled to an antitrust remedy from a price-fixing cartel which refused to license its patent even though no television manufacturer produces a product requiring a license under the patent. The Court concludes that no recovery is permitted under such circumstances, as the patent *402 holder Soundview cannot establish all the necessary elements of an antitrust claim.

II. Analysis

A. Antitrust
In addition to proving the substance of its antitrust claim, a private plaintiff must establish four elements of antitrust standing:
(1) that the acts violating the antitrust laws causedor, in an equity case, threatened to causethe private plaintiff injury in fact to its business or property; (2) that this injury is not too remote or duplicative of the recovery of a more directly injured person; (3) that such recovery is "antitrust injury," which is defined as the kind of injury that the antitrust laws were intended to prevent and flows from that which makes defendants' acts unlawful; and, in a damage case, (4) that the damages claimed or awarded measure such injury in a reasonably quantifiable way.
2 Areeda & Hovenkamp, Antitrust Law ¶ 335a (2d ed.2000) at 286-287 ("Antitrust Law") (internal quotations and footnotes omitted). While Soundview's brief contains much Sturm and Drang regarding alleged cartel activities as per se antitrust violations and "traditional hard-core price fixing," Mem. Opp'n [Doc. # 444] at 3 (quotation and citation omitted), these standing requirementsincluding antitrust injuryapply equally to allegations of per se antitrust violations. See Atlantic Richfield Co. v. USA Petroleum Co., 495 U.S. 328, 341-343, 110 S.Ct. 1884, 109 L.Ed.2d 333 (1990).
Soundview's inability to procure licensing agreements is plainly an "injury in fact to its business or property," and Soundview is the most directly injured person with respect to non-licensure of the '584 patent, thus the first two parts of the antitrust standing test are satisfied.[1] It is on the third element that Soundview's case flounders: even if an illegal agreement is proved to be one reason the Non-Soundview Parties refused to license Soundview's patent, the proximate or legal cause of Soundview's licensing revenue loss is that no television manufacturer (whether part of the Non-Soundview Parties or not) needed a license of the patent to manufacture televisions in compliance with FCC and industry standards for program content blocking. The conclusion that the Non-Soundview Parties' content blocking technology did not infringe Soundview's patent and Soundview's failure to present any evidence that any other television manufacturer uses different (and infringing) technology[2] leads inexorably to the conclusion that "a force other than the antitrust violation fully accounts for the [counterclaim] plaintiff's injury," 2 Antitrust Law ¶ 338b at 320, thus foreclosing a showing of antitrust injury.
Soundview's assertion that settlement agreements with other television manufacturers show that there is (or was) a market for the licenses it is selling misapprehends the import of agreements to settle legal claims. Parties are encouraged to resolve lawsuits prior to final judicial determination of the merits of the case and do so for many reasons, including avoidance of the cost, delay and uncertainty inherent in the litigation and trial process, extrinsic business interests, and changed circumstances. The decision of *403 certain television manufacturers to settle in the face of Soundview's aggressive prelitigation assertions of the '584 patent's broad scope[3] does not alter the stark fact that the '584 patent has now been (1) determined not to be the exclusive avenue to FCC program blocking standards compliance, (2) the patented technology has been determined not to be in use by any of the Non-Soundview Parties, and (3) the record is devoid of any evidence of use of the patented technology by any other television manufacturers. These facts constitute an independent cause that fully accounts for Soundview's claimed injury, and thus Soundview's loss is not proximately caused by any antitrust violation but instead by the operation of the patent laws and this Court's summary judgment ruling of non-infringement.

B. CUTPA
Soundview's CUTPA claim fails with its antitrust claim, as proof of ascertainable loss is required under CUTPA as well. See Service Road Corp. v. Quinn, 241 Conn. 630, 638-639, 698 A.2d 258 (1997); see also CDC Techs., Inc. v. IDEXX Labs., Inc., 186 F.3d 74, 81-82 (2d Cir.1999) (adopting district court's conclusion that CUTPA claim failed with federal antitrust claim). Soundview's only attempt to distinguish its CUTPA claim from its antitrust claim is its assertion that the latter includes no consumer injury requirement. See Mem. Opp'n Ex. A at 39-40 (citing McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 566-567, 473 A.2d 1185 (1984)). This is a distinction without a difference in this case, however, since the Court's conclusion that Soundview's antitrust claim fails was not based on consumer injury.

III. Conclusion
For these reasons, the motion [Doc. # 442] for summary judgment on Soundview's antitrust and unfair trade practices counterclaims is GRANTED. The parties are directed to submit within fourteen days a proposed order: (1) entering partial final judgment under Fed.R.Civ.P. 54(b) as to those claims that have been disposed of by the Court's rulings, and (2) staying the remainder of the case (with identification of the claims which remain) until any appeal from the partial final judgment has been concluded.
IT IS SO ORDERED.
NOTES
[1] Soundview's assertions regarding the 42 other patents supposedly implicated by the Non-Soundview Parties' activities fail to satisfy either of these two prongs, given the absence of any evidence in the record that Soundview has some beneficial interest in these patents.
[2] Soundview has presented no evidence that any television manufacturer would have need for its patent.
[3] See, e.g., Soundview Presentation for 1998 Acacia Research Meeting [Ex. Y to Non-Soundview Parties' Opposition to Soundview's Motion for Summary Judgment on Inequitable Conduct and Fraud Counts] (outlining Soundview's claim that any television manufacturer desiring to sell televisions in the United States after the 1999 implementation of the rating system would have to license the '584 patent, and noting that Soundview had sent out more than 30 "engagement letters" to television manufacturers).